CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 29 2018

JAMES N. HATTEN, Clerk
By: S. Brannon, Deputy Clerk

Dujuan Walker #001050829
(Enter above the full name and prisoner identification number of the plaintiff, GDC number if a state prisoner.)

1:18-CV-2608-SCJ-JKL
AMENDED COMPLAINT

-vs-

Sheriff Neil Warren
Colonel Prince
Lt. Colonel Sanders
(Enter above the full name of the defendant(s).)

I. **Previous Lawsuits**

   A. Have you filed other lawsuits in federal court while incarcerated in any institution?

   Yes (X)   No ( )

   B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   1. Parties to this previous lawsuit:

      Plaintiff(s): Dujuan Walker

      Defendant(s): Travis Bittelman

   2. Court (name the district): E.D. Wis

   3. Docket Number: Not Available

Rev. 12/5/07

I. **Previous Lawsuits (Cont'd)**

    4. Name of judge to whom case was assigned: _Not Available_

    5. Did the previous case involve the same facts?

        Yes ( )   No (X)

    6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?): _voluntarily dismissed_

    7. Approximate date of filing lawsuit: _2005-2006_

    8. Approximate date of disposition: _2005-2006_

II. **Exhaustion of Administrative Remedies**

Pursuant to 28 U.S.C. § 1997e(a), no prisoner civil rights action shall be brought in federal court until all available administrative remedies are exhausted. Exhaustion of administrative remedies is a precondition to suit, and the prisoner plaintiff must establish that he has exhausted the entire institutional grievance procedure in order to state a claim for relief.

    A. Place of Present Confinement: _Cobb County Adult Detention Center_

    B. Is there a prisoner grievance procedure in this institution?

        Yes (X)   No ( )

    C. Did you present the facts relating to your complaint under the institution's grievance procedure?

        Yes (X)   No ( )

    D. If your answer is YES:
        1. What steps did you take and what were the results? _Initial Grievance filed May 7, 2018. Response recieved May 30, 2018. May 31, 2018 appeal filed. The appeal is the final step in the process. Prior to recieving the May 30 response, plaintiff also appealed on May 22, 2018 (due to the delayed response) and did recieve a final response on June 4, 2018._
        2. If your answer is NO, explain why not: _____

Rev. 12/5/07

III. **Parties**
(In item A below, place your name in the first blank and place your present address in the second blank.)

A. Name of Plaintiff: _Dujuan Walker_

Address(es): _Cobb County Adult Detention Center; P.O. Box 100110; Marietta, GA 30061_

(In item B below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Do the same for each additional defendant, if any.)

B. Defendant(s): _Sheriff Neil Warren; Colonel Prince; Lt. Colonel Sanders._

Employed as _Sheriff; Colonel/Jail Administrator; Lt. Colonel/Jail Administrator._

at _Cobb County, Georgia; Cobb County Adult Detention Center; Cobb County Adult Detention Center_

IV. **Statement of Claim**
State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1. Plaintiff was arrested on a warrant and detained at Cobb County Adult Detention Center on April 27, 2018 at around noon.

2. Plaintiff was not taken before a Magistrate, as is required by mandatory Georgia law, within 72 hours of Plaintiff's arrest and detention on April 27, 2018.

3. Plaintiff was not given an "initial appearance" or "first appearance" within a reasonable amount

IV. **Statement of Claim (Cont'd)**

of time, as is mandated by the express, non-discretionary language of various procedural laws in this State.

4. Defendant, even after being made aware of the wrong, and admitting the wrong through Defendant's agents, has remained silent as to the due process violation and has willfully detained Plaintiff illegally.

5. Defendant failed, through no fault of Plaintiff, to present Plaintiff to a magistrate pursuant to the procedure - which is mandatory and non-discretionary - set forth by various statutes and Court Rules.

6. Following the aforesaid failure, Defendant's continued detention of Plaintiff was illegal and false, contrary to the Fourth and Fourteenth Amendments of the United States Constitution.

7. Defendant's failure, as set forth herein, constitutes a violation of the Due Process Clause and Plaintiff's federal due process rights.

A. False Imprisonment contrary to OCGA § 51-7-20 and the Fourth and Fourteenth Amendments.

B. Violation of Due Process of Law contrary to the Fourteenth Amendment.

See, e.g., Bunyon v. Burke County, 306 F. Supp. 2d 1240 (2004); Georgia Uniform Superior Court Rule 26.1; O.C.G.A. § 17-4-26.

V. **Relief**

State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.

1. Punitive Damages in an amount to be determined;
2. Compensatory Damages in an amount to be determined;
3. Declaratory Relief

Rev. 12/5/07

V.   **Relief (Cont'd)**

_____

Signed this __24th__ day of __June__, 20__18__.

_____
Signature of Plaintiff

**STATE OF** __Georgia__
**COUNTY (CITY) OF** __Cobb__

I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED ON** __June 24, 2018__
(Date)

_____
Signature of Plaintiff

Rev. 12/5/07